﻿Citation Nr: AXXXXXXXX
Decision Date: 01/31/20 Archive Date: 01/31/20

DOCKET NO. 190219-2961
DATE: January 31, 2020

REMANDED

Entitlement to service connection for joint pain is remanded.

REASONS FOR REMAND

The Veteran served on active duty from October 1989 to July 1995. The Veteran selected the Higher-Level Review lane when he opted into the Appeals Modernization Act (AMA) review system by submitting a Rapid Appeals Modernization Program (RAMP) election form. Accordingly, the January 2019 AMA rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this AMA rating decision to the Board of Veterans’ Appeals (Board). He limited his appeal to the issue of entitlement to service connection for joint pain and requested Direct Review of the evidence considered by the agency of original jurisdiction (AOJ).

1. Entitlement to service connection for joint pain is remanded.

The joint pain issue is remanded to correct a duty to assist error that occurred prior to the Veteran’s December 2018 RAMP election form.

The Veteran has reported that he has joint pain, including in his knees, elbows, and shoulders, that is symptomatic of an undiagnosed illness due to his Gulf War service.

The Veteran was afforded a Gulf War examination in April 2018. Although the examiner addressed the nature of the Veteran’s reported bilateral knee pain and right shoulder pain, the Board finds that the April 2018 examinations did not opine on whether the Veteran’s manifestations of left shoulder and left elbow pain were a result of an undiagnosed illness related to the Veteran’s service in the Persian Gulf War. In addition, the examiner did not address whether the identified bilateral knee degenerative joint disease or right shoulder bicep tendonitis was related to service, to include the Veteran’s reported exposures to environmental hazards during his Gulf War service. Moreover, the VA examiner did not address whether the Veteran’s left shoulder pain was related to his active duty service as the service treatment records document left shoulder blade pain in service. 

The Board acknowledges that once VA undertakes the effort to provide an examination when developing a service connection claim, an adequate examination must be provided. See Barr v. Nicholson, 21 Vet. App. 303, 312 (2007). As such, a remand is required to obtain a new opinion.

The matters are REMANDED for the following action:

1. Obtain a VA medical opinion from a qualified examiner that addresses the cause of the Veteran’s disorder manifested by joint problems. The claims file must be made available to the examiner. The examiner is requested to review all pertinent records associated with the claims file, including the Veteran’s service treatment records, post-service medical records, and assertions. A clear explanation for all opinions based on specific facts for the case as well as relevant medical principles is needed. If an examination is deemed necessary, one must be provided.

The Veteran is competent to attest to observable symptoms. If there is a medical basis to support or doubt the history provided by the Veteran, the examiner should provide a fully reasoned explanation.

First, the examiner should identify all current diagnoses related to the Veteran’s service connection claim for a disorder manifested by joint problems.

For each identified disorder, the examiner must provide an opinion as to the following questions:

(a.) Is it at least as likely as not (a 50 percent or greater probability) that the disorder was incurred in, or is otherwise related to active duty service, to include the Veteran’s exposure to environmental hazards during his Gulf War service?

(b.) Is there evidence that any right elbow disability increased in severity during the Veteran’s active service?

(c.) If the Veteran’s preexisting right elbow disability increased in severity or worsened while he was in service, whether there is clear and unmistakable evidence (i.e. undebatable) that the right elbow disability was not aggravated in service (to include Gulf War Service) beyond its normal progression.

The examiner must also provide an opinion as to whether there are any symptoms that are not attributable to a known clinical diagnosis.

(d.) If so, the examiner must then provide an opinion as to whether it is at least as likely as not (a 50 percent or greater probability) that the symptoms are due to an undiagnosed illness or medically unexplained chronic multi-symptom illness due to service in Southwest Asia during the Gulf War.

The examiner must include in the examination report the rationale for any opinion expressed. However, if the examiner cannot respond to the inquiry without resort to mere speculation, he or she should so state, and further explain which it is not feasible to provide a medical opinion.

 

 

MARJORIE A. AUER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Kelly A. Gastoukian

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.